O

I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY
FIRST CLASS MAIL POSTAGE PREPAID, TO ~~ALL COUNSEL~~ Petitioner
~~(OR PARTIES)~~ AT THEIR RESPECTIVE MOST RECENT ADDRESS OF
RECORD IN THIS ACTION ON THIS DATE.

DATED: 10-11-11

DEPUTY CLERK



FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

OCT 11 2011

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BAO QUOC NGUYEN,<br><br>         Petitioner,<br><br>    vs.<br><br>KAMALA D. HARRIS, Attorney General of California, et al.<br><br>         Respondents. | Case No. SACV 11-1526-JST (JPR)<br><br>ORDER TO SHOW CAUSE |

On October 3, 2011, Petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody.[1]  The Petition purports to challenge a judgment of conviction sustained by Petitioner in Orange County Superior Court on January 16, 2004, following Petitioner's guilty plea to burglary-related charges.  Petitioner raises 16 claims in his Petition.  As best the Court can glean, he challenges the advisement of his constitutional rights he received when he pleaded guilty, the effectiveness of his counsel, the superior court's rulings concerning probation, the

---

[1] Petitioner names the California Attorney General as the Respondent. Petitioner appears to be in custody; thus, under the advisory committee notes to Rule 2(a) of the Rules Governing § 2254 Cases, the proper Respondent is the warden at the institution in which Petitioner is housed.

1

use of prior strikes against him at sentencing, and alleged violations of the Double Jeopardy Clause.

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Petitioner had one year from the date his conviction became final in which to file a federal habeas petition. See 28 U.S.C. § 2244(d). That statute provides:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Under California law in effect at the time of Petitioner's conviction, an

appeal had to be filed within 60 days of rendition of judgment. See Cal. R. Ct. 8.308(a) (formerly Rule 30.1(a)). When the judgment of conviction was entered pursuant to a guilty plea, the defendant was required to file a notice of intended appeal within the 60-day period, accompanied by a statement "showing reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings"; the appeal did not become operative unless and until the trial court executed and filed a certificate of probable cause for appeal. See Cal. R. Ct. 8.304(b) (formerly Rule 30(b)); see also Cal. Penal Code § 1237.5.

Here, it appears from the face of the Petition that Petitioner did not appeal the judgment of conviction. Consequently, "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review" was March 17, 2004, when Petitioner's time to file a notice of intended appeal expired.

From the face of the Petition, it does not appear that Petitioner has any basis for contending that he is entitled to a later trigger date under § 2244(d)(1)(B). Petitioner is not contending that he was impeded from filing his federal petition by unconstitutional state action. Nor does it appear that Petitioner has any basis for contending that he is entitled to a later trigger date under § 2244(d)(1)(C). Petitioner is not contending that any of his claims are based on a federal constitutional right that was initially recognized by the U.S. Supreme Court subsequent to the date his conviction became final and that has been made retroactively applicable to cases on collateral review. Finally, it appears to the Court that Petitioner has no basis for contending that he is entitled to a later trigger date under § 2244(d)(1)(D). Petitioner was aware of the factual predicate of his claims as of the date he pleaded guilty and was sentenced. See Hasan v. Galaza, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001) (statute of limitations begins to run when a prisoner first knows (or through diligence could discover) the facts underlying his claims, not when he recognizes their legal significance).

3

Thus, Petitioner's last day to file his federal habeas petition was March 17, 2005, unless a basis for tolling the statute exists. See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).

No basis for statutory tolling under § 2244(d)(2) appears to exist here. Petitioner has filed numerous state habeas petitions,[2] but the first was not filed until August 8, 2005, according to the Petition, almost five months after the end of the AEDPA limitation period. Thus, Petitioner appears not to be entitled to statutory tolling for any of those state habeas petitions. See, e.g., Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) (holding that § 2244(d) "does not permit the reinitiation of the limitations period that has ended before the state petition was filed," even if the state petition was timely filed).

The Supreme Court has held that AEDPA's one-year limitation period is subject to equitable tolling in appropriate cases. See Holland v. Florida, __ U.S. __, 130 S. Ct. 2549, 2560, 177 L. Ed. 2d 130 (2010). A habeas petitioner is entitled to equitable tolling only if he shows that (1) he has been pursuing his rights diligently and (2) "some extraordinary circumstance stood in his way." See Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807, 1814, 161 L. Ed. 2d 669 (2005). Here, Petitioner has not purported to make any such showing in the Petition.

A district court has the authority to raise the statute of limitations issue *sua sponte* when untimeliness is obvious on the face of a petition; it may summarily

---

[2] Notations on the docket reports for some of these habeas petitions seem to indicate that they may have been rejected as untimely. Thus, even if Petitioner can show cause why the limitation period should be tolled until he filed his first state habeas petition, in August 2005, he would then have to demonstrate that his state habeas petitions were "properly filed" under § 2244(d)(2) in order to further toll the limitation period up to the time he filed the instant Petition, in October 2011. See Allen v. Siebert, 552 U.S. 3, 4, 128 S. Ct. 2, 7, 169 L. Ed. 2d 329 (2007) (untimely state habeas petitions are not "properly filed" and thus do not toll limitation period).

dismiss the petition on that ground pursuant to Rule 4 of the Rules Governing § 2254 Cases in the U.S. District Courts, as long as the court gives petitioner adequate notice and an opportunity to respond. Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

    IT THEREFORE IS ORDERED that on or before **November 11, 2011**, Petitioner should show cause in writing, if he has any, why the Court should not recommend that this action be dismissed with prejudice on the ground of untimeliness. If Petitioner intends to rely on the equitable tolling doctrine, he will need to include with his response to the Order to Show Cause a declaration under penalty of perjury stating facts showing that (1) he has been pursuing his rights diligently and (2) "some extraordinary circumstance stood in his way."

DATED: October 11, 2011

JEAN P. ROSENBLUTH
U.S. MAGISTRATE JUDGE